THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* GUMERSINDO GONZÁLEZ SUÁREZ, Accused and Appellant.

No. 15482.   Argued October 1, 1953.—Decided October 29, 1953.

*R. Atiles Moréu* for appellant. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The People of Puerto Rico filed two informations in the former District Court of Puerto Rico, Ponce Section, against Gumersindo González Suárez for two alleged violations of the Weapons Act of Puerto Rico (Act No. 17, approved January 19, 1951, Sess. Laws, p. 426), as subsequently amended, and especially, in so far as applicable here, by Act No. 397, approved May 10, 1951 (Sess. Laws, p. 992). Only one joint trial was held of both cases and the Court of Ponce, after hearing the evidence of both parties, found the accused guilty of the two counts and sentenced him to six-months imprisonment in jail in each case, to be served concurrently.

The accused appealed to this Court from both sentences and filed one joint brief for both cases assigning several errors. We shall consider the cases separately. One of them charges failure to register or declare in writing a pistol, and the other unlawful carrying of the same pistol.

REGISTRATION OR INSCRIPTION OF THE WEAPON

In the information in case number C-1966 of the Ponce Section of the former District Court of Puerto Rico, entitled "Violation of the Weapons Registration Act", it is alleged, briefly, that the Prosecuting Attorney filed an information for a violation of Act No. 17 of January 19, 1951 (Weapons Act) on the ground that the accused, "sometime in September, 1951, in Ponce, Puerto Rico, which is a part of the Judicial District of Puerto Rico, then and there, willfully and unlawfully, had and carried on his person a pistol without having declared the same at any time in writing, to the Chief of the Insular Police of Ponce, Puerto Rico, which is the

town where the accused resided at the time he had and carried the said firearm."

The evidence of the People related essentially to the theory that on September 22, 1951, on Húcar Street of Ponce, and as a result of an argument that took place at a dance, the accused took out a pistol from his pocket and fired it. The evidence of the defendant, which the trial court did not believe, tended to prove that it was another person and not the accused who carried and discharged the weapon. After the evidence of the People was offered, the following took place:

"Mr. Noriega (attorney for the accused): Your Honor, the prosecuting attorney proposed that we stipulate that this man's pistol is not registered. We agree that it is not because he has none to register.

"Prosecuting Attorney Morales: That is the stipulation. It is thus submitted.

"Judge: The Court approves the stipulation."

Although the accused and appellant has not raised the question, the sentence appealed from should be reversed and set aside in the case of the alleged nonregistration of a weapon, since the facts alleged in the information are not sufficient to constitute a public offense.

Under Act No. 14 of July 8, 1936 (Spec. Sess. Laws, p. 128) as subsequently amended, the possession of a weapon which is not registered in the municipality or police district where accused resided constituted an offense in itself. Let us examine the provisions of the Weapons Act (No. 17 of January 19, 1951, as amended). Section 38, which applies here, provides as follows:

"Section 38.—Any person convicted of violating Section 6, Section 7, or Section 29 of this Act shall be punished as follows:

"(a) by imprisonment in jail for a term of not less than six (6) months nor more than two (2) years; or

"(b) by imprisonment in the penitentiary for a term of not less than one (1) year nor more than three (3) years, when

previously convicted for the commission of any of the offenses referred to in Section 17 of this Act; or

"(c) by imprisonment in the penitentiary for a term of not less than two (2) years nor more than five (5) years, when the weapon is used for the commission or while committing any of the felonies specified in Section 17 hereof.

"(d) by imprisonment in jail for a term of not less than six (6) months nor more than two (2) years when the weapon is used in the commission of any of the misdemeanors specified in Section 17 of this Act."

The penalties imposed are applicable to the violations enumerated in §§ 6, 7 and 29 of the Act. Sections 6 and 7 provide as follows:

"Section 6.—Any person who has or possesses any pistol, revolver, or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act, or of any of the offenses specified in Section 17 hereof, or uses the weapon in the commission of any of such offenses, shall be guilty of a felony.

"Section 7.—Any person who bears, carries, or transports any pistol, revolver or other firearm without having a license therefor issued as hereinafter provided, shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act or of any of the offenses specified in Section 17 hereof, or uses the weapons in the commission of any of such offenses, shall be guilty of a felony."

Under §§ 6 and 7 quoted above, the possession, bearing or carrying of a pistol, revolver or other firearm is an offense, if the person concerned has not secured a license. It is stated in the information under consideration (C-1966 of the Court of Ponce) that the accused had and carried on his person a pistol which had not been declared at any time, in writing, before the Chief of the Insular Police of Ponce, Puerto Rico, the residence of the accused. The information does not contain the essential elements of the offenses prescribed in §§ 6 and 7, nor was it specially alleged or proved that accused had failed to secure the corresponding license. *People* v. *Rivera*, 73 P.R.R. 402.

Section 29, which is the last of the three Sections referred to in § 38, in prescribing the penalties, provides as follows:

"Section 29.— (a) The Chief of Police of Puerto Rico shall organize the Weapons Register created in the General Police Headquarters under Act No. 14, approved July 8, 1936, as subsequently amended, conforming the organization and operation thereof to the provisions of this Act, and keeping the same in a systematic and orderly manner, so that the names of the persons having weapons registered in Puerto Rico, as well as the essential details concerning the weapon registered, may be easily found. Such register shall be sealed with the Police seal and shall be properly guarded.

"(b) Every firearm authorized to be had and possessed after this Act takes effect, shall be registered in the Weapons Register provided for in the preceding subdivision, in case it has not been previously registered. If such weapon does not bear a serial number, or if the same is illegible, the holder shall have his full name engraved on the steel on the rear end of the butt of the weapon, and shall so set forth in his declaration. The Chief of the Police of Puerto Rico shall deliver to the declarant a record of such registration.

"(c) The firearms authorized to be had, possessed, or carried, under paragraphs 2, 3 and 4 of subdivision (a) and paragraphs 1, 2, 3, 4, 5, 6 and 7 of subdivision (b) of Section 20 of this Act, shall be registered in the Weapons Register above provided for, in case the weapons have not been previously registered.

"(d) Every person who on the date this Act takes effect has in his possession a firearm without having the same registered pursuant to the provisions of Act No. 14, approved July 8, 1936, as subsequently amended, shall be under obligation to register the same in the Weapons Register created by the aforesaid Act No. 14, approved July 8, 1936, as subsequently amended, not later, than the thirtieth day following that on which the last publication of the edicts prescribed under subdivision (e) of this section is made.

"Save as provided in other subdivisions hereof, the provisions of Act No. 14, approved July 8, 1936, shall remain in full force and effect until the term fixed in this subdivision has expired.

"(e) The Executive Secretary of Puerto Rico shall publish every week during the sixty (60) days following that on which

this Act takes effect, in two (2) newspapers having the largest circulation on the Island, and over radio broadcasting stations in Puerto Rico, an edict informing the general public about the period of grace granted by this Act for the declaration of firearms, and calling attention to the last day which, in accordance with the provisions hereof, the persons affected by this Act have to declare the weapons in their possession or under their control.

"(f) Every person possessing or having under his control a firearm, and who loses the same or finds it has disappeared, shall report the fact in writing, within the ten (10) days following his learning of such loss or disappearance, to the Chief of Police of Puerto Rico through the District Chief of the Police of Puerto Rico where such person may reside, and if he should fail to comply with this obligation he shall be guilty of a misdemeanor.

"(g) Every person who on the date this Act takes effect has in his possession a firearm the having or possession whereof is not authorized by this Act, nor may be made lawful under the provisions hereof, shall surrender the said firearm to the District Chief of the Police of Puerto Rico of the municipality where his residence is located, not later than the thirty (30) days following the date this Act takes effect. Whenever such person has registered under his name the weapon so surrendered, he shall be entitled to recover the value thereof in accordance with the valuation made by the Chief of Police of Puerto Rico, and if the interested party should not be satisfied with the valuation placed upon the weapon or weapons so surrendered, he shall be entitled to claim the difference in an action prosecuted in the proper district of the District Court of Puerto Rico, whose decision shall be final and conclusive. The payment of the price of any weapon acquired as above set forth, shall be made by the Treasurer of Puerto Rico upon warrant of the Auditor of Puerto Rico, chargeable to the funds appropriated for the acquisition of police equipment, and the good will of The People of Puerto Rico is hereby expressly pledged to the payment of all differences resulting from the valuation of the weapons so surrendered.

"(h) Whenever in conformity with the provisions of the preceding subdivision, a weapon is surrendered which is not registered in the name of the person making such surrender, such weapon shall be seized by the Chief of Police of Puerto

Rico, and no proceedings shall lie for such unlawful possession against the person making such voluntary surrender.

"(i) Every person who on the date this Act takes effect possesses and has a firearm registered in his name in the Weapons Register created by Act No. 14, approved July 8, 1936, as subsequently amended, and who is not authorized to have and possess a firearm in accordance with the provisions of Section 15 of this Act, or who, for having any weapon in excess of those he may be authorized to have and possess under the provisions of this Act, is unable to continue in the possession of any firearm, shall surrender such weapon to the District Chief of Police in the municipality where he may reside, within the five (5) days following the date on which he is served notice that his application to have and possess a firearm has been denied and he has been required to surrender the same. Every person surrendering a firearm as above provided shall be entitled to recover the value thereof in accordance with the valuation made by the Chief of Police of Puerto Rico, and if the interested party should not be satisfied with the valuation placed upon the firearm so surrendered he shall be entitled to claim the difference in an action prosecuted in the proper district of the District Court of Puerto Rico, whose decision shall be final and conclusive. The payment of the price of any firearm acquired by the Chief of Police of Puerto Rico as hereinbefore provided shall be made by the Treasurer of Puerto Rico upon warrant of the Auditor of Puerto Rico, chargeable to the funds appropriated for the acquisition of equipment for the police of Puerto Rico, and the good faith of The People of Puerto Rico is hereby expressly pledged for the payment of all the differences resulting from the valuation of the weapons so surrendered.

"(j) The provisions of the foregoing subdivision of this section shall not affect the proceedings already started and which may be pending in court for acts committed prior to the effectiveness of this Act, and such proceedings shall be prosecuted in conformity with the laws in force at the time the offenses charged were committed.

"(k) Upon the death of a person who holds a license to have and possess a firearm, it shall be the duty of every administrator, executor, or trustee, or of any of them acting in Puerto Rico, and of any deputy administrator, agent or person legally authorized to administer the estate, to report such death to the Chief of Police of Puerto Rico within the sixty (60) days fol-

lowing the date of its occurrence. Such report shall state the name, residence and personal circumstances of the deceased, and the brand, caliber, and serial number, if any, of the weapon registered in his name. The Chief of Police of Puerto Rico shall make the necessary provisions for the custody and holding of said firearm by one of the interested parties or for its deposit in the police station of the municipality where the deceased resided, while the inheritance is distributed. If the weapon is assigned to an heir who is eligible to obtain a license for having and holding a firearm, and if such license is issued, said firearm shall be delivered to said grantee. If he is denied said license, or if the sale of said firearm at public sale is directed, the same may be acquired only by a duly authorized dealer in firearms and ammunition, as provided by subdivision (d) of Section 22, and in case said weapon is not so acquired, it shall be surrendered to and seized by the Chief of Police of Puerto Rico, as provided in subdivision (c) of Section 19. "

Subdivision (b), above transcribed, provides that every firearm *authorized to be had and possessed* after this Act takes effect, shall be registered in the Weapons Register created in the General Police Headquarters, in case it has not been previously registered. Subdivision (b) refers to the need for registering weapons authorized to be had and possessed, that is, that it must have been authorized by virtue of the issuance of a license under the provisions of §§ 15 to 19 of the law, which prescribe the procedure for issuance of licenses to house holders, merchants or farmers to possess and have firearms. Section 6 provides that the possession or having of a weapon without a license therefor constitutes and offense. Subdivision (b) of § 29 provides that the failure to register a weapon after a license for possession or holding thereof has been obtained, constitutes the offense of nonregistration. Act No. 14 of July 8, 1936 provided a system for the registration of weapons without obtaining a license. Sections 6 and 7 and subdivision (b) of § 29 of the Weapons Law in force place emphasis on a new system predicated on the need for securing a license. The registration required in subdivision (b) of § 29 is an incident

and a sequel to the obtaining of a license. Summing up, the failure to register a firearm does not of itself constitute an offense under subdivision (*b*). Irrespective of other subdivisions of § 29 which we shall proceed to consider, the offense is committed whenever one possesses, has or carries a firearm without having a license therefor, under §§ 6 and 7, or upon failure to register the same after obtaining the license. The information under consideration does not allege that the accused failed to register a firearm "the having and possession whereof may be authorized" after the new Weapons Act took effect. Therefore, no violation of the provisions of the transcribed subdivision (*b*) of § 29 has been alleged in the instant case.

Section 38 expressly provides that a violation of subdivision (*c*) of § 29 shall not constitute an offense. Subdivision (*d*) provides that every person who *on the date this Act takes effect* has in his possession a firearm without having the same registered pursuant to the provisions of Act No. 14, approved July 8, 1936, as subsequently amended, was under the obligation to register the same not later than the thirtieth day of the publication of the edicts required under subdivision (*e*). Subdivision (*d*) evidently refers to those persons who, at the time Act No. 17 of January 19, 1951 took effect, had or possessed a firearm without having registered the same pursuant to the provisions of the former Act No. 14 of July 8, 1936, now repealed. Those persons were given another opportunity to register such weapons.[1] The failure to register during those 30 days constituted an offense. Neither does it appear from the information that that was the question in the case at bar. The other subdivisions of § 29 are not relevant here; some of them refer particularly to the obligation to surrender or return the weapons under certain circumstances.

---

[1] We take judicial notice of the fact that the last edict referred to in subd. (*d*) was published on June 20, 1951. The thirty-day grace period had therefore already expired by August 21, 1951.

It could be argued that the conclusion reached by us would exonerate from criminal liability a person who, after the Weapons Act took effect, had unlawful possession of an unregistered firearm. Irrespective of the fact that our opinion is based on the express provisions of §§ 6, 7, 29 and 38 of the Act, it is well to point out that the illicit or illegal possessor might be subject to penal punishment under any of the following circumstances:

(1) Whenever he possesses or has a firearm without having obtained a license therefor.

(2) Whenever he fails to register the weapon after obtaining the license.

(3) In the case of a former owner, upon his failure to register the weapon after expiration of the 30-day period referred to in subdivision (d) of § 29.

### CARRYING OF THE FIREARM

■■ Let us consider the second sentence appealed from, pronounced in case No. C-1965 of the Court of Ponce. The information entitled "Carrying of Weapons" reads in part as follows:

"The Prosecuting Attorney charges Gumersindo González Suárez, resident of Ponce, P. R., with Violation of Act No. 17 of January 19, 1951, known as the Weapons Act of Puerto Rico (misdemeanor), committed as follows:

"The said accused, Gumersindo González Suárez, sometime in September, 1951, in Ponce, Puerto Rico, which is a part of the Judicial District of Puerto Rico, then and there, wilfully and unlawfully, had and carried on his person a pistol, a weapon with which bodily injury may be inflicted."

The criminal liability of the accused which the illegal carrying of the weapon entails would have to be based solely in § 7, to which reference is made in § 38 in prescribing certain offenses and penalties. Both Sections have already been transcribed. Section 7 provides in part that every person who bears any pistol, revolver or other firearm *without*

*having a license therefor* issued as provided in the law, shall be guilty of a misdemeanor. In *People* v. *Rivera, supra,* this Court held that an information filed under §§ 7 and 8 of the Weapons Act in force should allege, as an essential requisite and in order that it may charge prima facie an offense, that defendant has no license issued for carrying the weapon in question, since the failure to have such license has been included in the definition of the offense in §§ 7 and 8 so inextricably that an information which omits to allege this fails to state one of the essential elements of the offense.

. The information charging the carrying of weapons now being considered does not allege that the accused failed to obtain the corresponding license. Therefore, the facts alleged in the information are insufficient to constitute an offense.

In view of the foregoing, both judgments are reversed. However, following the rule laid down in *People* v. *Rivera, supra,* and *People* v. *Jiménez,* 74 P.R.R. 237, the cases must be remanded to the Ponce Section of the District Court in order that the information be amended or new ones filed, if the facts so warrant it and it is deemed proper, and for further proceedings not inconsistent with this opinion.